**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NANCY HARVEY, on behalf of
herself and all others similarly
situated,

    Plaintiff,

v.                                                         Case No. 3:19-cv-640-J-32JRK

THE HAMMEL & KAPLAN
COMPANY, LLC,

    Defendant.

**O R D E R**

This case is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Approval of Proposed Notice Plan (Doc. 39). Plaintiff Nancy Harvey, individually and as a representative of the class of persons defined below, and Defendant The Hammel & Kaplan Company, LLC, d/b/a Hospital Lien Strategies, request that the Court grant preliminary approval to the Class Action Settlement Agreement (Doc. 40-1).

Pursuant to Fed. R. Civ. P. 23(e)(1), the parties have provided the Court with sufficient evidence and information to enable the Court to determine that the Notice of Proposed Class Action Settlement (Doc. 39-1) should be provided

to the class. At this stage, under Rule 23(e)(1)(B), and based upon the information presented by the parties, it appears likely that this Court will be able to: (1) approve the proposed settlement as fair, adequate, and reasonable under Rule 23(e)(2); and (2) certify the class for purposes of judgment on the proposed settlement pursuant to Rules 23(a) and (b).

The Court is satisfied that notice should be given to the class so that the Court may consider whether to give final approval to the settlement because it appears from the Motion and matters of record that:

A. The Settlement Class is so numerous that joinder of all members is impracticable;

B. There are questions of law and fact common to the proposed settlement class;

C. The individual claims of Plaintiff are typical of the claims of the settlement class;

D. Plaintiff is an appropriate and adequate representative for the settlement class;

E. The questions of law and fact common to the settlement class predominate over any questions affecting only individual members;

F. A class action is superior to other methods for fairly and efficiently settling this controversy; and

G. The named Plaintiff and Plaintiff's counsel also appear to be qualified to represent the putative class members.

Accordingly, it is hereby

**ORDERED:**

1. The Unopposed Motion for Preliminary Approval of Class Action Settlement and Approval of Proposed Notice Plan (Doc. 39) is **GRANTED** and the Notice of Proposed Class Action Settlement (Doc. 39-1) is **APPROVED**. The Defendant is directed to mail notices to the last known address of all class members no later than **September 10, 2020**.

2. The Court finds that mailing of the Notice by First Class Mail is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

3. Notice shall be issued to the putative class defined as follows:

> All persons in the State of Florida who, within four years prior to the filing of the initial Complaint in this Lawsuit: (1) received medical care from a Florida hospital and subsequently had a hospital lien filed by Defendant beyond the applicable time period for perfection of liens in the municipality in which the care was provided; (2) the amount of Defendant's hospital lien was more than the amount due on the Hospital Bill provided to that person (including applicable discounts); and (3) paid Defendant an amount more than the amount of the hospital bill provided to that person (including applicable discounts).

3

4. Class Members shall have until **October 30, 2020** to exclude themselves from or object to the settlement, in order for such exclusion or objection to be effective.

5. Class members desiring to exclude themselves from the action must serve a written request on Class Counsel no later than **October 30, 2020**.

6. Class members who wish to object to the settlement must submit a written objection to the Clerk of the United States District Court for the Middle District of Florida and serve of a copy of the objection on Class Counsel and Defendant's counsel by **October 30, 2020**. In accordance with Fed. R. Civ. P. 23(e)(5)(A), a class member's "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." All objections must be in writing, personally signed by the Class Member, and include: (1) the case name: <u>Nancy Harvey, et al. v. The Hammel & Kaplan Company, LLC d/b/a Hospital Lien Strategies</u>, Case No. 93:19-CV-00640-TJC-JRK; (2) the name, address and telephone number of the settlement class member objecting and, if represented by counsel, of his/her counsel; (3) the specific basis for the objection and any documents supporting the objection; and (4) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. Any lawyer who intends to appear at the Final Approval Hearing must also enter a written Notice of Appearance of Counsel with the Clerk of the Court no

later than **October 30, 2020** and shall include the full caption and case number of each previous class action case in which that lawyer(s) represented an objector.

7. Defendant is directed to file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

8. The Final Approval Hearing on the certification of the settlement class, fairness and reasonableness of the Class Action Settlement Agreement (Doc. 40-1), whether final approval shall be given to it, consideration of any objections, and Class Counsel's request for attorneys' fees and expenses will be held on **November 17, 2020** at **10:00 a.m.** in Courtroom 10D of the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, FL 32202.[1]

**DONE AND ORDERED** in Jacksonville, Florida the 27th day of August, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

---

[1] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are not generally allowed in the building, counsel are permitted to bring those items with them upon presentation to Court Security Officers of a Florida Bar card or Order of special admission pro hac vice.

tnm
Copies:

Counsel of record