UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:19-CV-00640-TJC-JRK

NANCY HARVEY, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

THE HAMMEL & KAPLAN COMPANY
LLC d/b/a HOSPITAL LIEN STRATEGIES,

    Defendant.
_____/

## PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF <u>CLASS ACTION SETTLEMENT</u>

Plaintiff Nancy Harvey, individually and on behalf of all others similarly situated, by and through undersigned counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in accordance with the Court's Preliminary Approval Order [D.E. 41], and in advance of the final fairness hearing scheduled for November 23, 2020, hereby files this unopposed motion requesting final approval of this class action settlement including attorney's fees and litigation costs, and payment to the class representative, and in support thereof states as follows:[1]

---

[1] Defendant does not oppose this Motion for settlement purposes <u>only</u> under the precise terms stated herein and in Plaintiff's Memorandum of Law in support of the Motion, and as further set forth in the parties' Class Action Settlement and Release. Defendant expressly denies any alleged violation of any state or federal statutory or common laws, wrongdoing, liability or damages whatsoever with respect to the allegations and claims in this case. Defendant further expressly denies that a class can be certified outside of this Settlement and the precise terms stated herein.

1. On August 27, 2020, the Court entered its Order granting preliminary approval of the Parties' Class Action Settlement Agreement and Release and approving the provision of the Parties' Notice of Proposed Class Action Settlement ("Notice") to the Settlement Class. [D.E. 41]. The Order further provided that it appears likely that the Court will be able to: (1) approve the proposed settlement as fair, adequate, and reasonable under Rule 23(e)(2); and (2) certify the class for purposes of judgment on the proposed settlement pursuant to Rules 23(a) and (b). *Id.*

2. The Parties have complied with the dictates of the Court's Order. The Parties have timely effectuated dissemination of the Notice to the members of the Settlement Class. The Notice provided the method to opt out and be excluded from the Settlement Class and/or to object to the settlement along with the date, time and location of the scheduled Final Approval Hearing.[2] Additionally, the Parties timely provided notices of the proposed settlement to the United States Attorney General, Florida Attorney General and Georgia Attorney General, which identified the case caption, explained that a proposed class action settlement had been reached between the Parties, and included copies of the applicable documents from this case as required under 28 U.S.C. § 1715(b). *See* D.E. 42.

3. No Settlement Class members have filed or otherwise stated an objection to the proposed settlement or expressed a desire to intervene in this action. Additionally, no Settlement Class members have asked to opt out of and be excluded from the proposed

---

[2] In accordance with the Court's October 29, 2020 Order [D.E. 46], the Parties have further provided additional notice to the Settlement Class of the rescheduled Final Approval Hearing on November 23, 2020. *See* D.E. 47.

settlement. The response of the Settlement Class reflects favorable reception of the proposed settlement. This response is consistent with the fact that the settlement offers real, meaningful relief to Settlement Class members.

4. For the reasons set forth more fully in Plaintiff's accompanying Memorandum of Law, the proposed settlement is fair, adequate and reasonable, and meets the criteria under Federal Rule of Civil Procedure 23(e) as well as under the applicable case law for final approval.

5. In addition, the requested payment to the Class Representative Plaintiff, and the request for attorneys' fees and costs, are fair and reasonable and fall within the established range for comparable class action settlements, and should be approved for the reasons more fully set forth in Plaintiff's Unopposed Motion for Approval of Attorney Fees and Incorporated Memorandum of Law and Joint Response to this Court's Order of September 25, 2020. [D.E. 44 & 45].

WHEREFORE, Plaintiff respectfully requests that at the hearing scheduled for November 23, 2020, the Court enter an order granting final approval of the Parties' proposed Class Action Settlement.

### Local Rule 3.01(g) Certificate of Counsel

Undersigned counsel certifies that he conferred with Defendant's counsel in writing in a good faith effort to reach agreement on the relief requested herein, and Defendant does not oppose the requested relief.

Respectfully submitted this 13th day of November, 2020.

**VARNELL & WARWICK, P.A.**

By: /s/ Brian W. Warwick
     Brian W. Warwick
     Florida Bar No.: 0605573
     Janet R. Varnell
     Florida Bar No.: 0071072
     1101 E. Cumberland Avenue
     Suite 201H, #105
     Tampa, FL 33602
     Telephone: (325) 753-8600
     Facsimile: (352) 504-3301
     bwarwick@varnellandwarwick.com
     jvarnell@varnellandwarwick.com
     awallace@varnellandwarwick.com

Kristopher M. Nowicki, Esq.
knowicki@nooneyandroberts.com
**THE LAW OFFICE OF NOONEY & ROBERTS**
1680 Emerson Street
Jacksonville, Florida 32207
Telephone: (904) 309-8613

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Alan D. Lash
Florida Bar No. 510904
alash@lashgoldberg.com
Michael L. Ehren
Florida Bar No.: 0043768
mehren@lashgoldberg.com
Lash & Goldberg LLP
Suite 1200, Miami Tower
100 Southeast Second Street
Miami, Florida 33131-2100
Tel: (305) 347-4040
Fax: (305) 347-4050
*Attorneys for Defendant*

            /s/ Brian W. Warwick
              Brian W. Warwick