UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:19-CV-00640-TJC-JRK

NANCY HARVEY, on behalf of herself
and all others similarly situated,

     Plaintiff,

v.

THE HAMMEL & KAPLAN COMPANY
LLC d/b/a HOSPITAL LIEN STRATEGIES,

     Defendant.

_____/

## [PROPOSED] FINAL ORDER AND JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Attorney's Fees and Litigation Costs and Class Representative Service Award [D.E. 49] and Plaintiff's Memorandum of Law in support thereof filed on November 13, 2020 [D.E. 50], and Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Incorporated Memorandum of Law [D.E. 44], filed on October 2, 2020.[1]

On August 27, 2020, this Court entered an Order granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Approval of Proposed Notice Plan ("Preliminary Approval Order") [ D.E. 41].  Plaintiff asserts that the parties have complied with the requirements of the Preliminary Approval Order and requests that

---

[1] The definitions used in the parties' Class Settlement Agreement and Release ("Settlement Agreement") are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

this Court finally approve the terms of the settlement as set forth in the parties' Settlement Agreement [D.E. 40-1].

On November 23, 2020, this Court held a Final Approval Hearing during which no objections to the settlement were made by any class member.

For the reasons that follow, the Court finds that the Motions are due to be **GRANTED**, and the proposed settlement is due to be finally **APPROVED**.

## I.    BACKGROUND

The basic facts alleged were as follows: On May 31, 2015, Plaintiff was injured in a car accident and received medical treatment for her injuries at St. Vincent's Medical Center Riverside in Jacksonville, Florida (the "Hospital"). Plaintiff was unable to pay for her medical treatment at discharge and received a bill from the Hospital in July 2015 (the "Hospital Bill"), which reflected a total amount due of $2,751.00.  Although not clearly explained, the Hospital's total charges for her medical treatment were $4,585.00, but it included a "self-pay" discount adjustment from $4,585.00 to $2,751.00.  The reason for the discount and the circumstances for when or how the discount could be revoked were not disclosed by the Hospital or set forth in the Hospital Bill

In 2016, Plaintiff filed a personal injury lawsuit against the other person involved in her car accident and his insurer, State Farm.  Discovery progressed and the Hospital provided copies of Plaintiff's Hospital Bill in response to documents requested by the parties.  At no time did the Hospital disclose the basis for the discount or that the discount could be revoked.

In May 2018, in reliance on the Hospital Bill produced in discovery, Plaintiff settled her personal injury lawsuit with State Farm and received a settlement payment from State Farm which included a payment for medical expenses based on the $2,751.00 Hospital Bill.

In June 2018, three years after medical services were rendered and after a settlement was reached in her personal injury suit, HLS filed a hospital lien on the Hospital's behalf in the Duval County public records for the $4,585.00 total charges in the Hospital Bill for Plaintiff's medical treatment (the "Hospital Lien").

On May 30, 2019, Plaintiff paid the full Hospital Lien amount to Defendant, under protest and with reservation of rights, in order to satisfy the Hospital Lien.

On May 31, 2019, Plaintiff filed a putative Class Action Complaint ("Complaint") asserting claims against HLS based on its filing of the Hospital Lien [D.E. 1].

On May 31, 2019, Plaintiff Nancy Harvey filed this lawsuit alleging that Defendant The Hammel & Kaplan Company, LLC d/b/a Hospital Lien Strategies ("Defendant" or "HLS") filed hospital liens against Florida residents that were: (1) beyond the applicable time period for the perfection of liens in the municipality in which the medical care was provided; and (2) for an amount more than the amount of the hospital bill (including applicable discounts). Plaintiff claims that this conduct gives rise to liability under the Fair Debt Collection Practices Act ("FDCPA"), Florida Consumer Collection Practices Act ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and the Florida common law of unjust enrichment and promissory estoppel.

On August 5, 2019, Defendant filed a Motion to Dismiss Plaintiff's Complaint, seeking dismissal of the Complaint in its entirety for failure to state any claim against Defendant, and to dismiss or strike Plaintiff's class allegations [D.E. 9]. On August 19, 2019, Plaintiff filed a First Amended Class Action Complaint in response to Defendant's Motion to Dismiss, asserting substantially identical allegations and claims against Defendant ("Amended Complaint") [D.E. 11]. On September 10, 2019, Defendant filed a Motion to Dismiss the Amended Complaint, similarly seeking dismissal of the Amended Complaint in its entirety for failure to state any claim, and to dismiss or strike Plaintiff's class allegations, which has been fully briefed and remains pending before the Court [D.E. 16, 19, 22].

In January 2020, the parties filed a Joint Agreed Motion to Stay the Litigation, to afford the parties the opportunity to address potential class-wide resolution of this case prior to expending significant time and resources on discovery and other litigation matters. [D.E. 25]. Thereafter, the parties have conducted discovery to determine Settlement Class membership and alleged damages, and have engaged in extensive settlement negotiations over multiple months in a good faith effort to resolve this case.  This included a full-day mediation with mediator Kelly Overstreet Johnson, an experienced independent mediator, on April 9, 2020, and numerous settlement discussions between the parties and their counsel.

On June 30, 2020, the parties agreed to material settlement terms and have since negotiated the terms of the formal Settlement Agreement that is now being presented to the Court for final approval.

On August 27, 2020, this Court entered an Order preliminarily approving the Settlement and directing that notice be issued to the Settlement Class. [D.E. 41].

## II.   THE PRIMARY TERMS OF THE SETTLEMENT

The proposed Settlement provides the following relief:

### A.   The Settlement Class

The proposed Settlement Class is defined as:

All persons in the State of Florida who, within four years prior to the filing of the initial Complaint in this Lawsuit: (1) received medical care from a Florida hospital and subsequently had a hospital lien filed by Defendant beyond the applicable time period for perfection of liens in the municipality in which the care was provided; (2) the amount of Defendant's hospital lien was more than the amount of the hospital bill provided to that person (including applicable discounts); and (3) paid Defendant an amount more than the amount of the hospital bill provided to that person (including applicable discounts).

Discovery indicated that there are 43 persons in the Settlement Class.

### B.   Relief Provision/Settlement Consideration

**Settlement Payment**:  During the class period, the 43 Settlement Class Members paid a total of $27,740.35 above the amount set forth on their discounted Hospital Bill in order to satisfy a Hospital Lien filed beyond the applicable time period for perfection of liens.  The average amount of such payments is approximately $645.00 per class member. Under this Settlement, each Class Member shall receive a refund equal to 55% of the amount paid over their discounted Hospital Bill amount, which equates to an average Settlement Payment of $355.00.  In total, the combined Settlement Payments for all class members equates to $15,257.19 (the "Settlement Payment"). Each Settlement Class Member will automatically receive their *pro rata* share of the Settlement Payment, based

upon the amount each Settlement Class Member paid to Defendant in excess of their discounted Hospital Bill.

**Injunctive Relief**:  In addition to the Settlement Payment, Defendant also agrees that it will not file any future Florida hospital liens in which the hospital lien amount exceeds the amount of the patient's last hospital bill (including any applicable discounts) as of the date of the lien filing.

C.      **Opt-Out Provisions**

The Settlement allowed for any Settlement Class member to opt-out of the Settlement.  Any Settlement Class Member who wished to seek exclusion from the Settlement Class was advised of his or her right to be excluded, and of the deadline and procedures for exercising that right.  However, no Settlement Class Member filed an opt-out request by the October 30, 2020 deadline.

D.      **Release**

In exchange for the relief described above, and upon entry by this Court of a Final Order and Judgment approving the Settlement, Plaintiff and the Settlement Class will release Defendant and its affiliated persons/entities (the "Released Parties" as defined in the Settlement) from all claims asserted or which could have been asserted against the Released Parties in this case arising out of or relating to any hospital liens filed by Defendant and any alleged efforts by HLS to collect a debt via such liens (the "Released Claims" as defined in the Settlement Agreement). The Settlement thus contemplates a release tailored to the subject matter addressed in this lawsuit, Defendant's filing of hospital liens.

E.   **Class Representative Service Award**

Defendant has also agreed to pay Plaintiff Harvey an additional payment or "service award" of $1,500.00. The Service Award shall be paid separately from the relief being offered to the members of the Settlement Class and shall not diminish the class relief being offered.

F.   **Attorneys' Fees and Litigation Costs**

Class Counsel negotiated reasonable attorneys' fees and reimbursement of litigation costs in an amount not to exceed $35,741.81. The attorneys' fees and litigation costs provision was separately and independently negotiated by the parties apart from the class settlement provisions. Any attorneys' fees and litigation costs awarded by this Court will be paid separately from the relief being offered to the Settlement Class and will not reduce the settlement benefits to any class members.

III.   **Class Notice was Adequate**

Rule 23(e) of the Federal Rules of Civil Procedure requires a court to "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed. R. Civ. P. 23(e)(1)(B). With regard to Rule 23(b)(3) classes, the Rule states that:

> The court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who

> requests exclusion; (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  Thus, the Rule requires that "[i]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).  Additionally, due process requires that the "notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *See id.* at 174 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  "In every case, reasonableness is a function of anticipated results, costs, and amount involved." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1099 (5th Cir. 1977).[2]  Reasonableness also depends on the information available to the parties.  *Id.* at 1098.

This Court approved the form and content of the Parties' proposed Notice as reasonably calculated to apprise Settlement Class Members of the pendency of this Action, the terms of the proposed Settlement, and of their rights under and with respect to it.   The Court further concluded that the proposed Notice Plan satisfied the requirements of law, including, but not limited, 28 U.S.C. § 1715, Federal Rule of Civil Procedure 23(c), and the United States Constitution (including the Due Process Clause).

The Parties have confirmed that notice was timely provided to all Settlement Class Members in accordance with the approved Notice Plan. [D.E. 47].  Because the Parties

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

complied with the agreed-to notice provisions as preliminarily approved by this Court, and given that there are no developments or changes in the facts to alter the Court's previous conclusion, the Court finds that the notice provided in this case satisfied the requirements of due process and of Rule 23(c)(2)(B).

## IV.    Certification of Settlement Class

The Court notes there have been no objections to class certification and no change in circumstances to alter the Court's previous determination that it was "likely" to certify the class based upon the evidence and argument presented.  In its Preliminary Approval Order, this Court set forth the reasons why it appeared that the prerequisites for certification pursuant to Rule 23(b)(3) were established.  Based upon these same conclusions of law, the Court will now finally certify the class as satisfying each of the prerequisites for certification under Rule 23(a) and (b)(3) as set forth in its Preliminary Approval Order. [D.E. 41].

## V.    Final Approval of Class Action Settlement

### A.    The Standards for Judicial Approval of Class Action Settlements

It is well established that settlements are "highly favored in the law and will be upheld whenever possible because they are means of amicably resolving doubts and preventing lawsuits." *Miller v. Rep. Nat'l. Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977). A district court, in reviewing a proposed settlement of a class action case must find that there has been no fraud or collusion between the parties in arriving at the proposed settlement and that the proposed settlement is "fair, adequate and reasonable." *See id.* at 428; *see also Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); Rule 23(e)(2).

The Eleventh Circuit has previously outlined several factors that a court must consider in its determination of whether a proposed class-action settlement is fair, adequate, and reasonable:

      (1)     the likelihood of success at trial;
      (2)     the range of possible recovery;
      (3)     the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable;
      (4)     the complexity, expense and duration of the litigation;
      (5)     the substance and amount of opposition to the settlement; and
      (6)     the stage of the proceedings at which the settlement was achieved.

*See Bennett*, 737 F.2d at 986.   In weighing these factors, the Court may "rely upon the judgment of experienced counsel for the parties," and "absent fraud, collusion, or the like," is "hesitant to substitute its own judgment for that of counsel." *See Canupp v. Liberty Behavioral Health Corp.*, 417 F. App'x 843, 845 (11th Cir. 2011) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

In addition, effective December 1, 2018, Rule 23 itself was amended to add a mandatory but non-exhaustive set of similar final approval criteria:

      (A)     the class representatives and class counsel have adequately represented the class;
      (B)     the proposal was negotiated at arm's length;
      (C)     the relief provided for the class is adequate, taking into account:
           (i)     the costs, risks, and delay of trial and appeal;
           (ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
           (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and
           (iv)    any agreement required to be identified under Rule 23(e)(3); and
      (D)     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

For the reasons discussed below, the application of these factors, as well as the analogous *Bennett* factors, leads the Court to conclude that the proposed Settlement is fair, adequate, and reasonable under the circumstances of this case.

**B.      The Settlement Satisfies the Standards for Judicial Approval**

> **1.      Class Counsel and Plaintiff Have Adequately Represented the Settlement Class.**

When evaluating a Settlement, the first factor that Rule 23(e)(2) instructs courts to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A).  In evaluating the adequacy of class counsel and the class representative, the Advisory Committee on the Federal Rules of Civil Procedure ("Committee") has instructed courts to consider whether class counsel and plaintiffs "had an adequate information base" before negotiating and entering into the settlement.[3]  *Id.*

After reviewing the record and being familiar with the claims advanced and the papers submitted and arguments made by Class Counsel, this Court finds that Class Counsel and Plaintiff Harvey have adequately represented the Settlement Class in this matter and this factor favors the Settlement's final approval.

---

[3] The Committee's guidance is consistent with the pre-amendment decisions within this Circuit and others, which have held that plaintiffs and their counsel must have "had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Francisco v. Numismatic Guaranty Corp. of Am.*, No. 06-61677-CIV, 2008 WL 649124, at *11 (S.D. Fla. Jan. 31, 2008); *accord Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 283, 319 (3d Cir. 1998) (noting that the purpose behind this factor is to assess whether the parties obtained "an adequate appreciation of the merits of the case before negotiating" the settlement).

2.     **The Settlement is the Product of Arm's-Length Bargaining and Mediation.**

In evaluating the fairness, adequacy, and reasonableness of a settlement, a court must ensure that the settlement is not the product of collusion by the negotiating parties. Fed. R. Civ. P. 23(e)(2)(B); *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 & n.6 (11th Cir. 1994). The Parties' settlement negotiations occurred after conducting discovery, through one formal mediation session and multiple negotiations thereafter. *See* Fed. R. Civ. P. 23(e)(2)(B), Committee Notes on Rules – 2018 Amendment ("[T]he involvement of a neutral or court-affiliated mediator . . . may bear on whether [negotiations] were conducted in a manner that would protect and further the class interests"); *accord Poertner v. Gillette Co*., 618 F. App'x 624, 630 (11th Cir. 2015). The end result of the Parties' negotiations is a Settlement that offers all Settlement Class Members a reasonable refund of the majority of the amount paid over their discounted Hospital Bill amount, with any attorneys' fees, litigation costs, and service award to be paid separately. Both the record in this case and the substantive terms of the Settlement reflect a good faith arm's-length bargaining process, which further supports final approval.

3.     **The Relief Provided for the Settlement Class is Adequate.**

Under Rule 23(e)(2)(C), the relief provided for the class in the Settlement must be adequate, taking into account:

> (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C).  These factors are analogous to several of the *Bennett* factors, which the Eleventh Circuit has adopted as the standard for approving a class action settlement. *Bennett*, 737 F.2d at 986.  Specifically, the "likelihood of success" and "range of possible recovery" are overlapping issues that are to be addressed by the Court in determining the fairness of a settlement.  *Id*.

Whether under Rule 23(e)(2)(C) or the *Bennett* factors, it is not the value or nature of the settlement relief alone that is decisive, but whether that relief is reasonable when compared with the relief "plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing." *Krell*, 148 F.3d at 322 (internal quotation omitted).  Accordingly, the relevant inquiry is whether the proposed Settlement affords relief that "falls within th[e] range of reasonableness, [and] not whether it is the most favorable possible result of litigation." *Lazy Oil, Co. v. Witco Corp*., 95 F. Supp. 2d 290, 338 (W.D. Pa. 1997) (internal quotation omitted), *aff'd*, 166 F.3d 581 (3d Cir. 1999).

Here, each class member will receive a refund equal to 55% of their alleged overpayment.  Given the risks associated with the case, this amount appears to be fair.  By contrast, if not settled, the Court finds that there exists potential for continued litigation, as well as a possibility that Defendant could prevail on the merits or defeat contested class certification.  Thus, the Settlement offers a reasonable amount of relief available to the Settlement Class, and it does so without delay thereby avoiding the risks, costs, and delay inherent in continuing to litigate the action.  Moreover, attorneys' fees and litigation costs under the Settlement are to be paid by the Defendant separately and in addition to the relief granted to the Settlement Class Members.  *See* Fed. R. Civ. P. 23(e)(2)(C)(iii) (instructing

courts to consider "the terms of any proposed award of attorney's fees"). After considering the Class's likelihood of success and potential recoveries at trial, measured against the complexity and cost of trial and the relief offered by the Settlement, this Court finds that these factors favor final approval of the Settlement.

> **4.      The Settlement Treats Settlement Class Members Equitably Relative to Each Other.**

The Settlement also treats Settlement Class Members equally and fairly.  *See* Fed. R. Civ. P. 23(e)(2)(D).   There is no distinction between the benefits offered, and all Settlement Class Members receive a settlement payment commensurate with their respective amount paid over their discounted Hospital Bill amount.  There could be no way to measure damages more fairly.

The Court also finds that the scope of the release provision required by the Settlement does not operate in an inequitable manner.  *See* Rule 23(e)(2)(D), Committee Notes on Rules – 2018 Amendment (instructing courts evaluating Rule 23(e)(2)(D) to consider the extent to which "the scope of the release may affect class members in different ways").  The Settlement contemplates a release specific to the subject matter addressed in this Action—Defendant's filing of hospital liens.  The release is not a general release of any and all claims of any kind against this Defendant.  Thus, this Court finds that the release is narrowly tailored to address the common issues raised by this lawsuit and is therefore appropriate.

**5.     The Substance and Amount of Any Opposition to the Settlement.**

The only additional factor for this Court to consider before granting final approval is the reaction of the class to the proposed Settlement.  "A low number of objections suggests that the settlement is reasonable, while a high number of objections would provide a basis for finding that the settlement was unreasonable." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 694 (S.D. Fla. 2014); *see also Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005).  "That the overwhelming majority of class members have elected to remain in the Settlement Class, without objection, constitutes the 'reaction of the class,' as a whole, and demonstrates that the Settlement is 'fair, reasonable, and adequate.'"  *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003).

The Parties implemented the Notice Program set forth in the Settlement Agreement and Defendant issued timely mail notice to the last known addresses of all 43 Settlement Class Members on September 10, 2020 in accordance with the Court's Preliminary Approval Order. *See* D.E. 41, p.3.  The opt-out or exclusion deadline was October 30, 2020. *Id.* at p.4.  As of that date, no class member elected to opt-out of or exclude themselves from the Settlement.  *See* D.E. 49-1, Declaration of Brian Warwick.

The Court's Preliminary Approval Order also provided that any objections were to be filed with the Court on or before October 30, 2020.  According to this Court's docket, no objections have been timely filed and no class member appeared at the final fairness hearing to object to the Settlement.  Therefore, this Court finds that this final factor also supports final approval of the Settlement.

## VI.   Class Representative Service Award

The requested service award of $1,500 to Plaintiff/Class Representative Harvey is also appropriate. No objections have been made to the requested award. The award will be paid by Defendant separately from the relief being offered to the members of the Settlement Class and will be paid in addition to any relief Plaintiff Harvey may receive as a member of the Settlement Class.

The Court also finds that this payment is appropriate in light of the actual and statutory damages that could have been awarded to Plaintiff had this matter gone to trial. In particular, class representatives are not included in the net worth caps placed on statutory damages under the FDCPA or the FCCPA. *See Agan v. Katzman & Korr, P.A*., 222 F.R.D. 692, 701 (S.D. Fla. 2004) (recognizing that named plaintiffs case recover entire $1,000 in statutory damages while class members must share pro rata in net worth recovery); *Palmer v. Dynamic Recovery Solutions, LLC*, No. 6:15-cv-59-Orl-40KRS, 2016 WL 2348704, at *7 (M.D. Fla. May 4, 2016) (recognizing named plaintiff's ability to obtain $1000 award of statutory damages under the FDCPA while the class shares a pro-rata amount.).

## VII.   Attorneys' Fees and Costs

Rule 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Under the Settlement, Class Counsel has negotiated an award of attorneys' fees and reimbursement of litigation costs and expenses incurred in the prosecution of this case, in the amount of $35,741.81. This award is to be paid separately from the relief being offered to the Settlement Class. No objection has been filed to the requested attorneys'

fees and litigation costs award. This Court notes that the award is less than the lodestar calculation for Class Counsel.  As a result, the Court finds that the negotiated attorney fees and litigation costs award is reasonable, fair and proper and grants final approval to this term of the Settlement as well.

## VIII.   Conclusion

Upon consideration of the Motions, the arguments raised by the parties at the Preliminary Approval stage and at the final Fairness Hearing, as well as all matters of record, the Court finds that there is good cause to finally approve the proposed Settlement. In accordance with the requirements of Rule 23(e), the Court concludes that the Settlement, including the award of attorneys' fees and litigation costs, and the service award to Plaintiff Harvey, are fair, reasonable, and adequate.  Thus, the Court determines that it is appropriate to grant the Motion for Final Approval.

Accordingly, it is **ORDERED**:

1.    Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [D.E. 48] is **GRANTED**;

2.    **Jurisdiction.**   Because the best practical notice has been given and all Settlement Class Members have been given the opportunity to exclude themselves from or object to the Settlement, the Court finds and concludes that it has personal jurisdiction over all Settlement Class Members and that venue is proper.[4]   The Court also finds and concludes that it has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve and enforce the Settlement, grant final certification to

---

[4] *See, e.g., Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811–12 (1985).

the Settlement Class, and dismiss the Action on the merits and with prejudice, all while retaining jurisdiction to enforce the Settlement as provided below.

3.      **Final Class Certification.**  The Settlement Class is hereby finally certified for settlement purposes, as it fully satisfies all the applicable requirements of Rule 23(a), (b)(3) and due process.  The proposed Settlement Class is defined as:

> All persons in the State of Florida who, within four years prior to the filing of the initial Complaint in this Lawsuit: (1) received medical care from a Florida hospital and subsequently had a hospital lien filed by Defendant beyond the applicable time period for perfection of liens in the municipality in which the care was provided; (2) the amount of Defendant's hospital lien was more than the amount of the hospital bill provided to that person (including applicable discounts); and (3) paid Defendant an amount more than the amount of the hospital bill provided to that person (including applicable discounts).

4.      **Final Settlement Approval.**  The Court finally approves the terms of the Settlement as being a fair, reasonable, and adequate resolution of the dispute between the Parties.  The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions.

5.      **Binding Effect.**  The terms of the Settlement and of this Final Order and Judgment shall be forever binding on the Plaintiff Nancy Harvey, Defendant The Hammel & Kaplan Company, LLC d/b/a Hospital Lien Strategies, and all Settlement Class Members.  as well as their present, former and future heirs, guardians, assigns, executors, administrators, representatives, agents, attorneys, partners, legatees, predecessors, and/or successors.  The terms of the Settlement and of this Final Order and Judgment shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons or entities, to the extent those

18

claims, lawsuits or other proceedings involve matters that were addressed through this action.

6.      **Release.**  The Court hereby approves, incorporates and adopts the Release set forth in the Settlement.  The Release hereby is made effective as of the Effective Date, and will forever discharge the Released Parties from any liability to Plaintiff Nancy Harvey and any of the Settlement Class Members as defined in the Settlement.

7.      **Retention of Jurisdiction.**  Without in any way affecting the finality of this Final Order and Judgment, the Court expressly retains jurisdiction: (a) as to the administration, consummation, enforcement, and interpretation of the Settlement, including the Release, and the Final Order and Judgment; (b) to resolve any disputes concerning settlement class membership or entitlement to benefits under the terms of the Settlement; and (c) over all Parties hereto, including members of the Settlement Class, for purposes of enforcing and administering the Settlement and this Action generally, until each and every act agreed to be performed by the Parties has been performed in accordance with the Settlement.

8.      **No Admissions.**  Neither this Final Order and Judgment, nor the Settlement, nor any other document referred to herein, nor any action taken to carry out this Final Order and Judgment, is, may be construed as, or may be used as an admission or concession by or against the Released Parties as to the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability.  Entering into or carrying out the Settlement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Released Parties' denials or

defenses, and shall not be offered or received in evidence in any action or other tribunal for any purpose whatsoever, except as evidence to enforce the provisions of the Settlement and this Final Order and Judgment; provided, however, that the Settlement and Final Order and Judgment may be filed in any action brought against or by the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

9.      **Attorneys' Fees, Litigation Costs and Services Award.**  The Court finally approves and appoints Plaintiff's Counsel as "Class Counsel."   Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Incorporated Memorandum of Law [D.E. 44] is **GRANTED**. The Court finally approves the agreed attorneys' fees and litigation costs award to Class Counsel in the amount of $35,741.81. The Court also finally approves the payment of $1,500.00 to Plaintiff Nancy Harvey.

10.     **Dismissal of Action.** Subject to the provisions of this Final Order and Judgment, including the Court's retention of jurisdiction as set forth herein, this action (including all individual and class claims presented herein) is hereby dismissed on the merits and with prejudice, and without any other past or future fees, expenses, or costs to any Party or Settlement Class Member.  The Clerk of the Court is directed to terminate any pending motions as moot and close the file.

**IT IS SO ORDERED** this ___ day of _____, 2020.

_____
**Judge Timothy J. Corrigan**
**United States District Court Judge**